ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
adrian.barrio@gmlawyers.com

Attorneys for Plaintiff
FRANCES CARLO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES CARLO,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN UNITED LIFE INSURANCE COMPANY,<br><br>    Defendant | CASE NO.: 2:22-cv-2045<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Frances Carlo brings this action against Defendant American United Life Insurance Company ("AUL") as follows:

## INTRODUCTION

1. Insurance Code sections 10113.71 and 10113.72 ("the Statutes") require insurers issuing life insurance policies in California to: (1) provide a grace period of at least 60 days for nonpayment of premium; (2) mail a notice of "pending lapse and termination" for any nonpayment of premium within 30 days of the premium due date and at least 30 days prior to the termination date; and (3) give the policy owner the right to make or change a designee for receiving the notice. The Statutes became effective January 1, 2013 and their requirements apply regardless of whether a policy was originally issued prior to that date. *McHugh v. Protective Life Insurance Company* (2021) 12 Cal.5th 213.

2. Plaintiff was a beneficiary under a life insurance policy issued in March of 2014 on the life of her domestic partner, Ronald Cones. Plaintiff dutifully paid premiums under the policies for years but missed (and late made up) payments in mid-2021 after moving to a new address. Despite the Statutes' clear mandate, AUL failed to observe a 60-day grace period, failed to provide the requisite notices, and terminated the policies before Mr. Cones unexpectedly died in October of 2021. AUL also failed to send the appropriate notices to Plaintiff's new address. When Plaintiff made claim for the death benefits due, AUL simply ignored its obligations under the Statutes and denied the claim on the basis the policy had been terminated for nonpayment.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this case based on diversity of citizenship. Plaintiff is a citizen of the State of California, AUL is incorporated in and has its principal place of business in the State of Indiana, and the amount in controversy between Plaintiff and AUL is in excess of $75,000.00. 28 U.S.C. § 1332.

1  4. The Court has personal jurisdiction over the AUL because it has conducted business in California by insuring various persons in California and administering claims for life insurance benefits due beneficiaries in California, as alleged herein.

5. Plaintiff's claims arise out of a life insurance benefit denied in Placer County, California by AUL. However, venue is not limited to the Eastern District of California; venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1). AUL is licensed and authorized to conduct life insurance business in every state of the United States except New York. Pursuant to that licensure and authorization, AUL has transacted business in this district; has issued life insurance policies in this district; has administered claims for life insurance benefits in this district; employs or contracts with agents in this district; and maintains at least one regional office in this district (Simi Valley, California). AUL has not designated a principal place of business in California in its Statement of Information filed with the California Secretary of State.

## THE PARTIES

6. Plaintiff Frances Carlo is an individual who, at relevant times, has resided in Placer County, California.

7. AUL is an insurance company licensed to do business in California and, at all relevant times, has been domiciled in Indiana.

## SUBSTANTIVE ALLEGATIONS

8. In 2012, Assembly Bill 1747 was enacted and created the Statutes. They became effective January 1, 2013.

9. Insurance Code section 10113.71 provides in pertinent part:

> (a) Each life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall not run concurrently with the period of paid coverage. The provision shall provide that the policy shall remain in force during the grace period.

(b)(1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

10. Insurance Code section 10113.72 provides:

(a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.

(b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so.

(c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid.

11. In enacting the Statutes, the Legislature intended to address the problem of long-time policy owners—often seniors and/or those with health conditions—losing life insurance policies "they had spent years paying for."

Moreover, the legislative history provides several indications that the Legislature enacted the grace period and notice protections in part to

3

protect *existing* policy owners from losing the important life insurance coverage they had spent years paying for. The Assembly and Senate materials on Assembly Bill No. 1747 (2011–2012 Reg. Sess.) include purpose and supporting argument statements like the following: "According to the author, the bill provides consumer safeguards from which *people who have purchased life insurance coverage, especially seniors, would benefit*. Under existing law, individuals can easily lose the critical protection of life insurance if a single premium is accidentally missed (even if they have been paying premiums on time for many years).

*McHugh v. Protective Life Insurance Company, supra,* 12 Cal.5th at 240-241.

12. Consistent with this purpose, the Statutes "appear to create a single, unified pretermination notice scheme" that includes three components: (1) policy owners must have the opportunity to designate additional people to receive a notice of termination; (2) policy owners and any designees must receive a notice of pending lapse and termination within 30 days of a missed premium payment and at least 30 days prior to termination; and (3) each policy has a 60-day grace period. *McHugh v. Protective Life Insurance Company, supra,* 12 Cal.5th at 240.

13. "An insurer's failure to comply with these statutory requirements means that the policy cannot lapse." *Thomas v. State Farm Life Insurance Company* (9th Cir., Oct. 6, 2021, No. 20-55231) 2021 WL 4596286, at *1, *citing McHugh v. Protective Life Insurance Company, supra*.

14. Effective March 28, 2014, AUL issued a "Level Term Life Policy with Increasing Premium" on the life of Ronald Cones, policy number 0620680170 ("the Policy"). Plaintiff was the named owner and beneficiary under the Policy.

15. The Policy states that AUL will pay a death benefit to Plaintiff in the event Ronald Cones dies while the Policy is in force, including during the grace period.

> The Death Benefit Proceeds are the Death Benefit in force of the date of death. If the Insured dies during the grace period, the proceeds paid will be equal to the Death Benefit immediately prior to the start of the grace period less any due and unpaid premiums as of the date of death.

4

16. The amount of the Death Benefit under the Policy is $800,000.

17. The Policy has a Termination provision that states the Policy will terminate "at the end of the grace period if the premium due is not paid." The Grace Period provision, in turn, states:

> Grace Period - The grace period begins on the due date of an unpaid premium. The length of the grace period is thirty-one days. The policy will continue in force during the grace period. If the insured dies during the grace period, the premium due will be paid from the policy proceeds. If the premium due is not paid within the grace period, all insurance stops and the policy terminates without value.

18. Plaintiff paid monthly premiums under the Policy.

19. On January 26, 2021, AUL sent Plaintiff a Payment Notice stating that premiums were paid to January 28, 2021 and that the amount of $449.11 was due January 28, 2021. Form language on the reverse side of the document states under "Conditions of Notice":

> If this is a fixed premium policy, unless each premium shown on this notice is paid on or before its due date (or before the expiration of a grace period of thirty-one days thereafter), the policy and all payments thereon will become forfeited and void, except as otherwise may be provided in the policy.

20. On February 8, 2021, AUL sent Plaintiff a Premium Reminder Notice stating that $449.11 was due January 28, 2021. The AUL Premium Reminder Notice form contains the same language on the reverse side of the document as does the Payment Notice.

21. In February of 2021, Plaintiff and Ronald Cones moved from a Rocklin, California address to a Lincoln, California address. Plaintiff a filed change of address form with the United States Post Office and various companies she would receive monthly bills from. Plaintiff paid her monthly bills through her bank's automated bill paying system where Plaintiff could elect to pay a given monthly bill.

22. On March 1, 2021, AUL sent Plaintiff a Special Reinstatement Offer to her Rocklin, California address stating that it had no record of receiving the January 28, 2021 payment within the grace period and that, unless the "Conditions of Offer" appearing on the reverse side of the document were accepted by April 3, 2021, the offer would expire. The conditions language appearing on the reverse side of the document states:

> This is a special offer to accept payment of the past due premium without interest and to reinstate the policy if lapsed, subject to the following conditions:
> 1. Payment must be made while the insured is still living.
> 2. Payment must be made on or before the date this offer expires.
> 3. The Company does not waive any contractual right to require satisfactory evidence of insurability before reinstating the policy if payment is made after the offer expires.
> 4. Until payment is made under this offer, the offer does not change the status of the policy as determined by its terms. The grace period provided in the policy is not extended.
> 5. This offer applies only to this premium.

23. On March 2, 2021, AUL received a $449.11 premium from Plaintiff.

24. On March 2, 2021, AUL sent a Payment Notice to Plaintiff's Rocklin, California address stating that premiums were paid to February 28, 2021 and the amount of $449.11 was due February 28, 2021.

25. On March 10, 2021, AUL purportedly sent Plaintiff a Premium Reminder Notice to her Lincoln, California address stating the amount due February 28, 2021 was $449.11. Plaintiff has no record of receiving this notice or any of the subsequent notices or offers referenced below. When AUL denied Plaintiff's claim on February 16, 2021, it provided Plaintiff copies of the notices and offers from AUL showing a Lincoln, California address identified below.

26. A March 30, 2021 AUL Special Reinstatement Offer states that AUL has no record of receiving the February 28, 2021 payment within the grace period

6

and that unless the "Conditions of Offer," quoted above, are accepted by May 4, 2021, the offer will expire.

27. On April 12, 2021, AUL received a $449.11 premium from Plaintiff.

28. An April 12, 2021 AUL Payment Notice states that premiums were paid to March 28, 2021 and the amount of $449.11 was due March 28, 2021.

29. On June 1, 2021, AUL received a $449.11 premium from Plaintiff.

30. On June 28, 2021, AUL received a $449.11 premium from Plaintiff.

31. A June 28, 2021 AUL Payment Notice states that premiums were paid to May 28, 2021 and the amount of $449.11 was due May 28, 2021. Like the prior Payment Notices, it contains form language on the reverse side stating that if the premium is not paid by its due date or before the end of the 31-day grace period, the policy "will become forfeited."

32. An August, 2, 2021, AUL Important Insurance Notice of Policy Lapse states that the Policy has lapsed and is "no longer providing any insurance protection."

33. Following Plaintiff's hospitalization in July of 2021, AUL received two payments of $449.11 from Plaintiff, one on August 6, 2021 and the other on August 30, 2021.

34. On October 7, 2021, AUL wrote a letter to Plaintiff at her Lincoln, California address returning the $898.22 in payments made by Plaintiff and stating that Ronald Cones would need to apply for reinstatement. AUL further advised Plaintiff not to send any further premiums until a decision on reinstatement was made.

35. Plaintiff is informed and believes that AUL did not provide her with the opportunity to designate an additional person to receive notice of lapse or termination of the Policy for nonpayment of premium and/or did not provide her annual notice of the right to make or change such a designation as required by the Statutes.

36. Ronald Cones died unexpectedly on October 15, 2021.

37. Plaintiff made claim under the Policy for the $800,000 death benefit.

7

38. On February 16, 2022, AUL wrote a letter to Plaintiff denying her claim. In the letter, AUL recited the chronology of the notices, offers, and payments listed above that did not identify any Payment Notice or Premium Reminder Notice sent Plaintiff in May of 2021 or any Premium Reminder Notice or Special Reinstatement Offer sent to Plaintiff after the June 28, 2021 Premium Notice. The letter states that the August 2, 2021 Important Insurance Notice of Policy Lapse "was mailed 55 days after the policy premium notice" which would have been June 8, 2021. The letter further represents that the "premium payments would have had to received monthly for the policy to have remained active" while ignoring the Statutes' requirements and AUL's use of an illegal grace period.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

39. Plaintiff hereby repeats and re-alleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

40. As alleged herein, AUL issued the Policy on the life of Ronald Cones under which Plaintiff was the named owner and beneficiary. Under the Policy, AUL agreed to pay a $800,000 death benefit to Plaintiff in the event of Ronald Cones' death subject to the payment of premiums on their due dates and the continuation of coverage during the grace period.

41. The Statutes are read into the Policy and become part of it as a matter of law. The provisions of the Statutes control over any conflicting language in the Policy.

42. The Policy contains a grace period provision, quoted above, that violates the Statutes because it provides a grace period of 31 days instead of the 60 days mandated by Insurance Code section 10113.71(a). Accordingly, AUL's use of, and reference to, a 31-day grace period in issuing and terminating the Policy for nonpayment of premium breached the terms of the Policy as imposed by the Statutes.

43. AUL also violated the Statutes by failing to give notice of pending lapse and termination 30 days prior to terminating the Policy. As alleged herein, AUL did not give notice that the Policy would lapse or terminate. Instead, according to

8

AUL, on August, 2, 2021 it sent Plaintiff an Important Insurance Notice of Policy Lapse stating that the Policy had lapsed and was "no longer providing any insurance protection." Assuming this notice was sent to Plaintiff, it does not constitute a 30-day notice of pending lapse and termination required by the Statutes.

44. AUL's June 28, 2021 Payment Notice stating that premiums were paid to May 28, 2021 and the amount of $449.11 was due May 28, 2021 also was not sent to Plaintiff, and assuming it was, it is not a 30-day notice of pending lapse and termination required by the Statutes. It was not labeled as a notice of lapse or termination and contained no language stating that the Policy would lapse or terminate 30 days from the date of the notice. The form language on the reverse side of the document—stating that the policy "will become forfeited" if the premium is not paid by its due date or before the end of the 31-day grace period—does not provide the requisite notice. Among other reasons, it fails to identify a proper termination date that includes a 60-day grace period, ambiguously identifies a "forfeit" date as the premium due date *or* the end of the grace period, implicates dates that have passed (May 28 and 31 days later, June 28), and relies on an illegal 31-day grace period.

45. As alleged herein, AUL did not reference in its February 16, 2021 denial letter any Premium Reminder Notice or Special Reinstatement Offer sent Plaintiff following the June 28, 2021 Payment Notice. AUL also did not provide copies of any such documents when it purported to provide Plaintiff with the documents sent to her Lincoln, California address. But even assuming such documents were sent to Plaintiff prior to the AUL's termination of the Policy on August 2, 2021, neither constituted the 30-day notice of pending lapse and termination required by the Statutes. Any Premium Reminder Notice was required to have been mailed by July 2, 2021 and there is no indication that AUL did so given its June 28, 2021 Payment Notice just four days earlier. Additionally, like the Payment Notice referenced above, the Premium Reminder Notice is not labeled as a notice of lapse or termination and contains no language stating that the Policy would lapse or terminate 30 days from the date of the notice. It also contains the same defective

9

language on the reverse side of the document as does the Payment Notice. Any Special Reinstatement Offer form that was sent would have been defective for similar reasons plus the fact that it ignores the 60-day grace period imposed by the Statutes by making acceptance of the offer conditioned on the insured being alive and states "the grace period provided in the policy is not extended."

46. AUL also violated the Statutes by failing to provide Plaintiff with the opportunity to designate an additional person to receive notice of lapse or termination of the Policy for nonpayment of premium and/or did not provide her annual notice of the right to make or change such a designation, as alleged herein.

47. AUL's violations of the Statutes meant that the Policy could not be terminated for nonpayment of premium and AUL's refusal to pay the Plaintiff the $800,000 death benefit breached the terms of the Policy and the obligations superimposed on the Policy's terms by California law.

48. AUL also breached the terms of the Policy under California law by failing to send the Payment Notices to Plaintiff's Lincoln, California address and/or failing to send any Premium Reminder Notice and Special Reinstatement Offer to her Lincoln, California address before sending her the August 2, 2021 Important Insurance Notice of Policy Lapse stating that the Policy had lapsed and was "no longer providing any insurance protection." Said acts also caused AUL to waive or be estopped from asserting nonpayment of premium as a basis for denying liability.

49. As a proximate result of this breach of the contract, Plaintiff has been deprived of policy benefits, and interest thereon, all to her damage in a sum to be proven at the time of trial.

## SECOND CLAIM FOR RELIEF
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH
## AND FAIR DEALING

50. Plaintiff hereby repeats and realleges the preceding paragraphs and incorporates the same as though fully set forth herein.

10

51. Plaintiff was the named owner and beneficiary under the Policy.

52. The relationship of insurer and owner/beneficiary as between AUL and Plaintiff has caused there to be an implied-in-law duty extending from AUL to Plaintiff to deal fairly with Plaintiff and in good faith in fulfilling the promises made under the contract.

53. AUL has breached the duty of good faith and fair dealing owed Plaintiff by the committing the following acts in denying Plaintiff's claim for the Death Benefit under the Policy:

a) Failing to properly and thoroughly investigate Plaintiff's claim;

b) Issuing the Policy with an illegal 31-day grace period and then referencing and relying on that time period in the notices sent Plaintiff regarding premiums due under the Policy, the status of the Policy, and termination of the Policy for nonpayment of premium;

c) Ignoring California law as set forth in the Statutes when providing notice of the premiums due, notice required for terminating a policy for nonpayment of premium, the right to designate another person to receive notice, and in terminating the Policy without the requisite notices;

e) Misrepresenting facts and Policy provisions to Plaintiff when denying her claim by referencing an illegal 31-day grace period as the applicable grace period for the Policy, asserting that the Policy could be terminated without the notice required by the Statutes, concealing the applicability of the Statutes to the Policy, concealing that it failed to send the Payment Notices to Plaintiff's Lincoln, California address and/or failed to send any Premium Reminder Notice and Special Reinstatement Offer to her Lincoln, California address before terminating the Policy on August 2, 2021, and representing that it had mailed Plaintiff a Premium Notice 55 days prior to the alleged August 2, 2021 lapse when the last Premium Notice identified in the letter was the June 28, 2021 Premium Notice which, in any event, was insufficient to comply with AUL's notice obligations under the Statutes, as

11

alleged above;

  f)  Intentionally and willfully violating Insurance Code sections 10113.71 and 10113.72;

  g)  Engaging in a pattern and practice of terminating policies in violation of the Statutes and refusing to pay death benefits due under those policies on the basis the policies terminated for nonpayment of premium. In terminating policies in this fashion AUL has benefited financially by keeping the premiums it has collected on policies for years while eliminating its approaching or realized obligation to pay death benefits.

  h)  Denying Plaintiff's claim when it knew it had waived or was estopped from asserting nonpayment of premium as a basis for denying liability, as alleged herein;

  i)  Other acts that Plaintiff is currently unaware of.

54.  As a proximate result of said acts, Plaintiff has suffered loss of benefits under the Policy, great physical and mental stress, pain, and shock to her nervous system, great emotional distress, humiliation and anxiety, and economic loss, all to her damage in a sum to be proven at the time of trial.

55.  As a further proximate result of said acts, Plaintiff will incur attorney fees in proving the amounts due under the Policy.

56.  AUL's conduct, described herein, was intended to cause injury to Plaintiff or was conduct carried out by AUL with a willful and conscious disregard of the rights of Plaintiff, subjected the Plaintiff to cruel and unjust hardship in conscious disregard to her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to AUL with the intention to deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute malice oppression or fraud under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of AUL. Said acts were authorized, performed, and ratified by officers and managing

12

agents of AUL as they were part of an ongoing corporate practice by AUL, consented to and authorized by management employees and officers of AUL.

**Wherefore, Plaintiff prays for judgment against AUL as follows:**

1. Policy benefits and interest in an amount to be proven at the time of trial;
2. Special and consequential damages, including attorney fees incurred in proving the policy benefits due, in an amount to be proven at the time of trial;
3. Punitive damages in an amount sufficient to make an example of AUL;
4. Costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.

DATED: March 28, 2022          GIANELLI & MORRIS

By: /s/ Adrian J. Barrio
ROBERT S. GIANELLI
JOSHUA S. DAVIS
ADRIAN J. BARRIO
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

DATED: March 28, 2022          GIANELLI & MORRIS

By: /s/ Adrian J. Barrio
ROBERT S. GIANELLI
JOSHUA S. DAVIS
ADRIAN J. BARRIO
Attorneys for Plaintiff